IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT JOHNSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 3:19-cv-00223 |
| | )   Judge Aleta A. Trauger |
| METRO GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY *et al.*, | ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Before the court is plaintiff Robert Johnson's Rule 60(b) Motion for Relief from Judgment (Doc. No. 42), to which the only defendants that have ever been served, the Metropolitan Government of Nashville & Davidson County ("Metro") and Sgt. Alfredo Arevalo, have filed a Response in Opposition (Doc. No. 47). For the reasons set forth herein, the motion will be denied.

### I. PROCEDURAL HISTORY

The plaintiff filed his original Complaint for Malicious Prosecution on March 12, 2019, naming as defendants Metro, Arevalo, and Steve Anderson, then Chief of the Metro Nashville Police Department, purportedly in both his individual capacity and his official capacity. (Doc. No. 1.) Summonses were issued for Metro and Arevalo, but not for Anderson. (Doc. No. 3.) Metro and Arevalo were apparently served, and separate counsel for each entered an appearance. (Doc. Nos. 6, 7.) On May 13, 2019, Metro filed a Motion to Dismiss. (Doc. No. 8.) After being granted no fewer than three extensions of the deadline for responding to Metro's motion, the plaintiff filed a Motion for Leave to Amend Complaint. (Doc. No. 21.) The court granted leave to amend and directed that the proposed pleading attached to the motion be entered on the docket as the plaintiff's

Amended Complaint. At the same time, the court directed Johnson to respond to Metro's still pending Motion to Dismiss the claims against it in the original Complaint. (Doc. No. 25.) No response was ever filed, but the court eventually denied Metro's first Motion to Dismiss as moot, on January 15, 2020. (Doc. No. 29.)

On January 27, 2020, Metro filed a second Motion to Dismiss the Amended Complaint (Doc. No. 31), and Arevalo filed a Motion to Strike paragraphs 8 through 82 of the Amended Complaint (Doc. No. 30). The plaintiff never responded to either of these motions. In an Order entered on February 28, 2020 ("February 28 Order"), the court granted both, dismissing with prejudice the claims against Metro for failure to prosecute. (Doc. No. 37.) Notably, the dismissal of Metro as a defendant also had the effect of dismissing with prejudice the claims against Anderson in his official capacity, since the claims against Anderson in his official capacity are deemed to be claims against the municipality. *See, e.g.*, *Badder v. Schmidt*, 50 F. Supp. 3d 902, 918 (E.D. Mich. 2014) ("A claim against a public employee in his official capacity is deemed to be a suit against the governmental entity, not a suit against the official personally." (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985))).

In the same Order, the court directed the plaintiff to file, no later than March 13, 2020, a Second Amended Complaint that removed the paragraphs ordered stricken and removed Metro as a defendant. The court also provided a timeframe within which Arevalo was to file his Answer to the Second Amended Complaint, once the latter was filed. (*Id.*)

The plaintiff did not file a Second Amended Complaint. On March 27, 2020, Arevalo filed a Motion to Dismiss for Failure to Prosecute. (Doc. No. 38.) The plaintiff did not respond to that motion, and the court granted it on May 7, 2020 ("May 7 Order"). (Doc. No. 40.) In the same Order, the court noted that the only remaining defendant was Anderson, who had never been served

with process. Although the court did not state as much, as a result of the dismissal of the claims against Metro, only the individual-capacity claims against Anderson remained pending at that time. The court dismissed these remaining claims against Anderson. (*Id.*) Judgment was entered the same day. (Doc. No. 41.)

On September 1, 2020, nearly four months after entry of Judgment, the plaintiff filed his Motion for Relief from Judgment (Doc. No. 42), along with a "Memorandum of Law" (Doc. No. 43) and proposed second Amended Complaint (Doc. No. 42-1). He requests that the court vacate the May 7 Order and file the proposed pleading as his Second Amended Complaint, *nunc pro tunc*. (Doc. No. 42, at 1.) In support of his motion, he makes two arguments: (1) Rule 4(m) contemplates that a dismissal for failure to effect timely service of process must be without prejudice, which renders the May 7 Order "inherently void" (Doc. No. 43, at 2); and (2) the court granted the plaintiff's July 22, 2019 motion for leave to amend his complaint, thus "implicitly agreeing . . . that to bring the underlying causes of action . . . serves the interest of justice" (*id.*).

## II.     STANDARD OF REVIEW

A motion for relief from judgment under Rule 60(b) may be granted only for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The party seeking relief under Rule 60(b) bears the burden of establishing that all prerequisites have been satisfied, *McCurry ex rel. v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002), and "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info–Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). A party may not "use a Rule 60(b) motion as a substitute for an appeal, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir.1989) (citations omitted).

### III. DISCUSSION

#### A. Rule 60(b)(6)

The plaintiff does not specifically cite to Rule 60(b)(6) in asserting that granting the requested relief would serve the "interest of justice," but the court presumes that to be his intention, since no other subsection of the rule specifically references the "interests of justice," and Rule 60(b)(6) "permits reopening when the movant shows any . . . reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rules 60(b)(1)–(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (citations omitted).

However, a party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" to justify the reopening of a final judgment. *Id.* at 535 (citations omitted). The plaintiff here has made no attempt to demonstrate the existence of "extraordinary circumstances," and the court is aware of none. Rule 60(b)(6) does not afford relief in this case.

#### B. Rule 60(b)(4)

The plaintiff expressly invokes Rule 60(b)(4), pursuant to which a judgment is subject to being set aside if it is determined to be void. This subsection of the rule embodies an important

4

Case 3:19-cv-00223  Document 48  Filed 11/12/20  Page 4 of 7 PageID #: 217

distinction between a void judgment and a merely erroneous one. *See Chambers v. Armontrout*, 16 F.3d 257, 260 (8th Cir. 1994) ("[A] judgment is not void merely because it is erroneous." (citation omitted)). If a judgment is shown to be void, "[t]here is no question of discretion on the part of the court . . . . Either a judgment is void or it is valid. Determining which it is may well present a difficult question, but when that question is resolved, the court must act accordingly." 11 Federal Practice and Procedure § 2862 (3d ed.). A judgment is actually void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.*

In this instance, the plaintiff does not contend that the court lacked personal or subject-matter jurisdiction, nor does he assert a violation of his right to due process. Instead, he simply posits that, under Rule 4(m) of the Federal Rules of Civil Procedure, a dismissal for failure to effect timely service of process must be *without* prejudice rather than *with* prejudice. He contends that, because the court dismissed the claims against Anderson with prejudice, the judgment is void.

The plaintiff is correct that Rule 4(m) generally requires that dismissals for failure to effect timely service of process are to be without prejudice. The court, however, did not reference Rule 4(m) in dismissing the claims against Anderson. Rather, it referenced the excessive delay in effecting service of process. As of the date the Order of dismissal was entered, May 7, 2020, the suit had been pending for fifteen months without any effort by the plaintiff to obtain issuance of a summons for Anderson, much less to effect service of process. The court's dismissal was premised upon this excessive delay, which amounted to a failure to prosecute; the dismissal with prejudice was within the court's discretion under the circumstances presented. *Accord Khan v. Hemosphere Inc.*, 825 F. App'x 762, 768 (Fed. Cir. 2020) (holding that the district court was "well within its discretion to dismiss the complaint with prejudice for want of prosecution" when the plaintiffs had

failed to effect service of process in the more than 250 days between the filing of the complaint and the order of dismissal); *Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013) (rejecting the plaintiff's argument that the district court "erred by dismissing his suit *with* prejudice for failure to prosecute when it could have dismissed without prejudice for lack of service" under Rule 4(m) and denying his Rule 60(b)(4) motion, based on the conclusion that "a court has the discretion to dismiss for want of prosecution if the plaintiff's delay in obtaining service is so long [16 months, in that case] that it signifies failure to prosecute" (citations omitted)); *Porter v. Beaumont Enter. & Journal*, 743 F.2d 269, 271 (5th Cir. 1984) (holding on direct appeal that the district court did not abuse its discretion in dismissing the case with prejudice in light of "the protracted period between filing the complaint on March 22, 1982 and service in late March 1983"). In other words, the Order dismissing the claims against Anderson with prejudice is not void, and the plaintiff is not entitled to relief under Rule 60(b)(4).

The court further notes that, even if dismissing with prejudice rather than without prejudice had constituted error, the appropriate course of action would have been to pursue a direct appeal or, alternatively, to move to alter or amend the judgment to reflect that the dismissal of the individual-capacity claims against Anderson was without prejudice. And, of course, any such motion should have been accompanied by an explanation for the delay in obtaining a summons or effecting service of process on Anderson.[1]

---

[1] Absent a persuasive explanation for the delay, it is unlikely that such a motion would have been granted. Moreover, the plaintiff was not prejudiced by the dismissal of the individual-capacity claims against Anderson. Under Tennessee law, the plaintiff's failure to obtain issuance or service of process within a year after the date he filed the Complaint means that the statute of limitations was not tolled, *see* Tenn. R. Civ. P. 3, so the state-law malicious prosecution and federal § 1983 claims against Anderson would already have been barred by the statute of limitations by the time the May 7 Order was entered. *See Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) ("In a § 1983 action, state law governs issues regarding the statute of limitations and tolling[.]").

The plaintiff, instead, has improperly attempted to reinstate claims against the other defendants under the guise of a Rule 60(b) motion nominally addressed only to the dismissal of the claims against Anderson. The Motion for Relief from Judgment does not address the February 28 Order and provides no basis for reinstating the claims against Metro or, consequently, against Anderson in his official capacity. Likewise, the plaintiff's motion provides no coherent argument in support of reinstating the claims against Arevalo, which were dismissed with prejudice for failure to prosecute.[2] The plaintiff, in short, has not provided a viable basis for reinstating the claims against any of the defendants.

## IV. CONCLUSION AND ORDER

The plaintiff's Rule 60(b) Motion for Relief from Judgment (Doc. No. 42) is devoid of merit. It is hereby **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge

---

[2] Despite the nominal attempt to reinstate the claims against Anderson, and despite the wording of the case caption, as the defendants point out, it is unclear whether the plaintiff ever actually intended to bring claims against Anderson in his individual capacity. In addition to the fact that the plaintiff has never acknowledged that the only claims against Anderson that were dismissed by the May 7 Order were the individual-capacity claims, the plaintiff never obtained a summons for Anderson, and the proposed Second Amended Complaint, like the original Complaint and the first Amended Complaint, does not contain factual allegations showing that Anderson took *any* action in his individual capacity related to the plaintiff's claims or that he had any personal involvement in the prosecution of the plaintiff.